**MEMO ENDORSED**



**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

T**HE** C**ITY OF** N**EW** Y**ORK**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

*SONYA GIDUMAL CHAZIN*
*Senior Counsel*
Labor & Employment Law Division
(212) 356-0890
schazin@law.nyc.gov

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/16/2023

October 12, 2023

**BY ECF**
Honorable Barbara Moses
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 11201

      Re:    Dawn Hall v. City of New York
                22 CV 10193 (GHW-BCM)

Dear Judge Moses:

        I am an Assistant Corporation Counsel in the Office of Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, attorney for the City of New York in the above-referenced action. I write to request an adjournment for parties to submit proposed Notices of Pendency, Email Notice, Text Message Notice and Workplace Notice to the Court for two (2) weeks from October 12, 2023, until October 26, 2023.  This is Defendant's first request for an adjournment. Defendant needs this extra time to confer with the client regarding these notices and ensure that they conform to Your Honor's September 28, 2023 Order.  Due to the Columbus Day Holiday, there was a delay in both having these notices reviewed and approved.

       Defendant has already produced to Plaintiff a list of the Construction Project Managers who have worked with the New York City Department of Housing Preservation and Development during the relevant time period.

       Plaintiff refuses to consent to this request.  As Your Honor is aware, on September 28, 2023, the Court granted Plaintiff's motion for conditional certification in part and tolled the limitations period from February 1, 2023 through September 28, 2023.  *See* ECF No. 40 at 29-30. However, until members of the FLSA Collective are given notice and an opportunity to file consent forms to opt-in, the statute of limitations continues to run against them daily.  Therefore, it is critical that similarly situated employees be afforded notice as soon as possible and be provided with the opportunity to opt-in, as their claims may be reduced or extinguished daily.

Further, Defendant's counsel has had ample time to confer with her client prior to the Court's October 12, 2023 deadline. By way of brief background, in the Court's September 28, 2023 Order, Your Honor required the parties to file updated Notices of Pendency, Email Notice, Text Message Notice and Workplace Notice (the "Notices") notifying members of the FLSA Collective of Plaintiff's lawsuit within two weeks of the Order. *See id.* at 31. On October 3, 2023, Plaintiff sent Defendant proposed updated drafts of the Notices in accordance with Your Honor's September 28, 2023 Order and invited Defendant's counsel to meet and confer regarding same on October 5, 2023 or October 6, 2023. Defendant's counsel did not respond. On October 9, 2023, Plaintiff's counsel followed up, reminding Defendant's counsel that the "deadline to re-file the notices is this Thursday." The next day, Defendant's counsel responded, stating "I am [out of office] this afternoon. I will call you tomorrow." Unfortunately, Defendant's counsel never contacted Plaintiff's counsel.

Today (the parties' deadline), Plaintiff again sent Defendant the proposed updated Notices reminding Defendant's counsel "we have to file the revised Notices today." At approximately 10:52 a.m., Defendant responded, stating "I am going over the notices with my supervisor shortly, will get back to you." Thereafter, at approximately 3:21 p.m., Defendant's counsel called Plaintiff's counsel and requested a two-week extension to file the proposed updated Notices. During the telephone call, Defendant's counsel notified Plaintiff that a different attorney with Defendant's counsel's office is out of the office and is ostensibly necessary to Defendant's review of the Notices and that Defendant's counsel did "not want to miss anything." Despite Defendant's specious justification for the extension, Plaintiff's counsel initially consented to the request on the condition that the parties enter into a tolling agreement to protect against the running of the members of the FLSA Collective's statute of limitations. While Defendant had initially agreed to toll the statute of limitations from October 12, 2023 through October 26, 2023, Defendant quickly demurred after Plaintiff sent Defendant a draft of the parties' tolling agreement, necessitating the instant letter.

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's extension request. If the Court is inclined to grant the extension, then Plaintiff respectfully requests that the extension be limited to one week until October 19, 2023.

Thank you for your consideration in this matter.

Application GRANTED IN PART. The parties shall submit their revised forms, as ordered on September 28, 2023 (*see* Dkt. 40 at 31), no later than **October 20, 2023**. SO ORDERED.

*[signature: Barbara Moses]*

Barbara Moses
United States Magistrate Judge
October 16, 2023

Respectfully Submitted,

Sonya Gidumal Chazin
Assistant Corporation Counsel